# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Cathy L. Waldor |
| | : | |
| v. | : | Mag. No. 20-9181   (CLW) |
| | : | |
| VICTOR LOPEZ, | : | **CRIMINAL COMPLAINT** |
| a/k/a "Victor Caratia," | : | |
| a/k/a "Juan Salinas" | : | |

I, Ian Patel, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, and that this complaint is based on the following facts:

SEE ATTACHMENT B

_by phone_____
Ian Patel
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Deportation Officer Ian Patel attested to this Affidavit by telephone pursuant to FRCP 4.1(b)(2)(A) on this 1st day of May, 2020 in the District of New Jersey.

HONORABLE CATHY L. WALDOR          __s/CATHY L. WALDOR_____
UNITED STATES MAGISTRATE JUDGE    Signature of Judicial Officer

## **ATTACHMENT A**

On a date on or after November 6, 2003, and on or before November 18, 2019, in Hudson County, in the District of New Jersey, and elsewhere, the defendant,

VICTOR LOPEZ,
a/k/a "Victor Caratia,"
a/k/a "Juan Salinas,"

being an alien, and on or about April 27, 1998, having been convicted in the Superior Court of New Jersey, Hudson County, of Aggravated Manslaughter, in the Second Degree, in violation of Section 2C:11-4(b)(1) of the New Jersey Code of Criminal Justice, a felony, and thereafter having been deported and removed and having departed from the United States while an order of deportation was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States without the Attorney General or the Secretary of Homeland Security expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(1).

## **ATTACHMENT B**

I, Ian Patel, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1.  The defendant, VICTOR LOPEZ, a/k/a "Victor Caratia," a/k/a "Juan Salinas," (the "Defendant"), is a citizen of Honduras, and he is neither a citizen nor a national of the United States.

2.  On or about October 4, 1997, the Defendant was arrested in Hudson County, in New Jersey, for Murder, in violation of Sections 2C:11-3(a)(1) & 3(a)(2) of the New Jersey Code of Criminal Justice ("NCCJ"), for Felony Murder, in violation of Section 2C:11-3(a)(3) of the NJCCJ, for Armed Robbery, in violation of Section 2C:15-1 of the NJCCJ, for Unlawful Possession of Weapon, in violation of Section 2C:39-5(d) of NJCCJ, and for Possession of Weapon for Unlawful Purpose, in violation of Section 2C:39-4(d) of the NCCJ.

3.  On or about April 27, 1998, the Defendant pled guilty in the Superior Court of New Jersey, Hudson County, to Aggravated Manslaughter, in the Second Degree, in violation of Section 2C:11-4(b)(1) of the NJCCJ and was subsequently sentenced to approximately seven years' imprisonment, the circumstance of which offense constitute a felony.

4.  Thereafter, on or about August 20, 1999, the Defendant was ordered removed from the United States to Honduras by an immigration officer pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act.

5.  On or about November 6, 2003, the Defendant was removed from the United States to Honduras. Shortly before his removal from the United States on or about November 6, 2003, the Defendant was given notice that he was prohibited from re-entering the United States at any time thereafter, and an official from the ICE took a fingerprint from the Defendant.

6.  At some point after his November 6, 2003 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

7.  On or about November 18, 2019, the Defendant was arrested by the Weehawken Police Department in New Jersey, for various crimes, including

Simple Assault, in violation of the NJCCJ and Endangering the Welfare of Children, in violation of Section 2C:24-4(a)(2) of the NJCCJ.

8. On or about February 24, 2020, the Defendant pled guilty in the Superior Court of New Jersey, Hudson County, to Harassment – Communication in Manner to Cause Alarm, in violation of Section 2C:33-4A) of the NJCCJ and was subsequently sentenced to time served.

9. On or about February 24, 2020, the Defendant entered into the custody of ICE in New Jersey.

10. A fingerprint taken from the Defendant pursuant to his 1997 arrest for Murder, were compared to his November 6, 2003 deportation record and the November 18, 2019 fingerprints that were taken after he entered law enforcement's custody. All the fingerprints were found to be identical.

11. Prior to the Defendant's reentry into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to the Defendant re-entering the United States. The Defendant also did not receive a waiver allowing him to re-enter the United States.